**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| IN RE: ) | CHAPTER 7 CASE |
| LAKE EFFECT FINE WINE DISTRIBUTION ) | |
| ) | CASE NO. 05-17820 PSH |
| ) | |
| ) | JUDGE  PAMELA S. HOLLIS |
| Debtor(s) ) | |

**TRUSTEE'S FINAL REPORT**

To:   THE HONORABLE
       BANKRUPTCY JUDGE PAMELA S. HOLLIS

NOW COMES ALEX D. MOGLIA, Trustee herein, and respectfully submits to the Court and to the United States Trustee his/her Final Report in accordance with 11 U.S.C. §704(9).

1.   ALEX D. MOGLIA was appointed as the Chapter 7 trustee ("Trustee").  The Petition commencing this case was filed on 05/04/05.  The Trustee was appointed on 05/04/05.  The Trustee's bond in this case is included as part of the Trustee's blanket bond.

2.   The Trustee certifies that he has concluded the administration of this estate and has performed the duties enumerated in Section 704 of the Bankruptcy Code.  The nonexempt assets of the estate have either been converted to cash, disposed of under orders of this Court, or are sought to be abandoned by the Trustee; there is no other property belonging to the estate; there are no matters pending or undetermined; claims have been reviewed; and all claim objections have been resolved to the best of the Trustee's knowledge.  The Trustee certifies that this estate is ready to be closed.  The tasks performed by the Trustee are set forth on Exhibit A.

3.   The scheduled value of property to be abandoned is $17,953.43.  The property abandoned, or sought to be abandoned, along with the reasons for such abandonment, is described as follows:     reimbursements from the Beverage Testing Institute and Tasting Import Co., with a scheduled value of $14,511.26 and which the Trustee determined to be of no value; causes of action for tortious interference against various parties and individuals, a potential tax refund from the state of Illinois, shipping charges due from a customer, a potential refund from Tasting Import

Company and an Illinois liquor license, all with unknown scheduled values and all of which the Trustee determined to be of no value; office equipment with a scheduled value of $500; a personal computer with a scheduled value of $500, and sold but undelivered wine inventory with a scheduled value of $2,442.17.

4. A summary of the Trustee's Final Report as of February 16, 2009 is as follows:
   a. RECEIPTS (See Exhibit C)     26,826.04
   b. DISBURSEMENTS (See Exhibit C)     132.75
   c. NET CASH available for distribution     26,693.29
   d. TRUSTEE/PROFESSIONAL COSTS
      1. Trustee compensation requested (See Exhibit E)     3,432.91
      2. Trustee Expenses (See Exhibit E)     98.25
      3. Compensation requested by attorney or other professionals for trustee (See Exhibit F)     13,241.00
   e. Illinois Income Tax for Estate (See Exhibit G)     0.00

5. The Bar Date for filing unsecured claims expired on 02/02/06.

6. All claims filed in this case with the Clerk of the Bankruptcy Court have been reviewed by the Trustee (see Exhibit D). The actual dollar amount of claims allowed and/or requested for this estate is as follows:
   a. Allowed unpaid Secured Claims     0.00
   b. Chapter 7 Administrative and 28 U.S.C. §1930 Claims     16,772.16
   c. Allowed Chapter 11 Administrative Claims     0.00
   d. Allowed Priority Claims     0.00
   e. Allowed Unsecured Claims     174,528.45

7. Trustee proposes that unsecured creditors receive a distribution of 5.68% of allowed claims.

8. Total compensation previously awarded to Trustee's counsel, accountant or other professional was $0.00. Professionals' compensation and expense requested but not yet allowed is $16,772.16. The total of Chapter 7 professional fees and expenses requested for final allowance is $22,807.16.

9. A fee of $15,000 was paid to Debtor's counsel for services rendered in connection with this case, and no basis appears to request an examination of those fees pursuant to 11 U.S.C. §329. Chapter 11 professionals' fees and expenses were allowed and/or paid pursuant to Court order(s) as follows:

| Applicant | Nature of Expense | Amount Allowed |
|---|---|---|
| | | |

WHEREFORE, the Trustee certifies under penalty of perjury that the above statements are true and correct and requests the Court to provide for notice and a hearing pursuant to 11 U.S.C. §§330(a), 502(b) and 503(b). The Trustee further requests that the Court award final compensation and reimbursement of expenses and make final allowance of the administrative claims and expenses stated in this Report and for such other relief as the Court shall deem proper.

RESPECTFULLY SUBMITTED:

Dated:   3/24/09          By:   /s/Alex D. Moglia
ALEX D. MOGLIA, Trustee
1325 REMINGTON RD. STE. H
SCHAUMBURG, IL  60173